**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK**

_____X
In re:

ROBERT A MITCHELL,
     Debtor.
_____X
ROBERT A MITCHELL,

     Plaintiff,
  vs.

SOCIAL SECURITY ADMINISTRATION,

     Defendant.
_____X

Chapter 7
Case No.: 16-20634 (PRW)

Adv. Pro. No.: 16-2021 (PRW)

**APPLICATION FOR
<u>ATTORNEY'S FEES</u>**

  Matthew S. Mansfield, Esq., staff attorney at Legal Assistance of Western New York, Inc. and counsel to the debtor/plaintiff in this adversary proceeding, submits this application for attorney's fees in this adversary proceeding in stipulated and agreed to amount of $5,000.00, resulting from violations of the automatic stay by Social Security Administration and pursuant to the Equal Access to Justice Act.

<u>Settlement of the Adversary Proceeding</u>

1. On May 19, 2017, the parties to this action executed a settlement agreement which settled all claims in this adversary proceeding. The Stipulation and Order provides that Defendant will pay to plaintiff $7,841.89 and pay to plaintiff's counsel attorney's fees in the amount of $5,000.00 (ECF No. 23). A copy of the signed stipulation which was filed with the Court for approval is attached hereto as **Exhibit A.**

2. The Stipulation and Order settling the adversary proceeding is subject to approval of this Court and Plaintiff submits this application for Attorney's fees of $5,000.00 pursuant to the Equal Justice to Access Act and represents to the Court this is an agreed upon amount

1

between the parties and plaintiff believes this amount to be reasonable for the work performed in this case.

## Equal Access to Justice Act

3. Plaintiff files this application for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

4. The EAJA provides that a party who prevails in litigation against the federal government "shall" be awarded fees "unless the court finds the position of the United States was substantially justified….," 28 U.S.C. § 2412(d)(1)(A).

5. There are no special circumstances that would make an award unjust. 28 U.S.C. § 2412(d)(3).

6. Attached hereto as **Exhibit B** is a Net Worth Declaration and Assignment of Attorney's Fees signed by Plaintiff. Plaintiff certifies that his net worth has never exceeded two million dollars. 28 U.S.C. § 2412(d)(2)(B). Furthermore, while an award of attorney fees generally belongs to the party, plaintiff has assigned the attorney's fees to Legal Assistance of Western New York, Inc. and requests any fee award be paid directly to them.

## Plaintiff is the "prevailing" party

7. Prior to commencing this adversary proceeding, plaintiff tried to resolve this matter without the need for litigation. Through his attorney, he sent a letter to Social Security Administration and the U.S. Attorney for the Western District of New York notifying them of the stay and demanding turnover of the post-petition setoff.

8. Plaintiff commenced this adversary proceeding to recover post-petition social security benefits paid post-petition which Social Security setoff in violation of the automatic stay and for sanctions and attorney's fees.

9. The Stipulation and Order settling this adversary proceeding meets the requirements of *Buchannon Board and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 604 (Enforceable judgments on the merits and court ordered consent decrees create the "material alteration of the legal relationship of the parties" necessary to permit an award of attorney's fees). Furthermore, the Court retains jurisdiction regarding any disputes arising from the Stipulation and Order.

10. Furthermore, Defendant's Answer admits to violation of the automatic when it setoff a social security award post-petition, although they state it was not intentional. (ECF. No. 9, ¶ 1).

11. A willful violation of the stay occurs when a creditor "knows of the filing of the petition (and hence of the automatic stay), and has the general intent simply to perform the act found to violate section 362; no specific intent to violate section 362 is necessary." *Weber v. SEFCU (In re Weber)*, 719 F.3d 72, 82 (2d Cir. 2013).

12. Social Security Administration received notice of the chapter 7 filing prior to its post-petition setoff and therefore their act was "willful."

13. Plaintiff has satisfied the prevailing party requirement to obtain an award of attorney's fees. The government entered into a judicially enforceable settlement returning a portion of the benefits that were the basis of plaintiff's complaint and further agreed to the payment of $5,000.00 for attorney's fees pursuant to the Equal Access to Justice Act (ECF No. 23, ¶ 6-7).

3

Case 2-16-02021-PRW, Doc 24, Filed 05/19/17, Entered 05/19/17 14:33:02, Description: Main Document , Page 3 of 8

### Social Security's position was not "substantially justified"

14. If either the government's pre-litigation position or its litigation position lacks substantial justification in both law and fact, the court shall award fees, 28 U.S.C. § 2412(d)(1)(B).

15. Once a party established prevailing party status, the government can only avoid payment of fees if it can show that its pre-litigation conduct and litigation position were "substantially justified." This must be show to have a reasonable basis in both law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

16. The agency's pre-litigation conduct cannot be reasonably justified. With notice of the bankruptcy filing SSA setoff post-petition benefits in clear disregard to the automatic stay. Furthermore, this is an ongoing violation and there has still been no payment to Plaintiff curing the automatic stay violation. For the same reason the government's litigation position is not substantially justified.

17. SSA violated its Procedures and Operations Manual which are clear and unambiguous regarding return of post-petition benefits in violation of the automatic stay. *See POMS* GN 02215.225C "Bankruptcy Petition Pending – Refund Received or Underpayment Determined" (If an underpayment is determined and/or a refund is received when a Proof of Claim was not filed, follow GN 02215.230B to determine disposition of monies). *See POMS* GN 02215.230B "Result of Bankruptcy Proceedings – PC Procedure" (If a proof of claim was not filed pay any subsequently determined underpayment and delete any penalties. If the debt was discharged in Chapter 7, repay any monies withheld effective with the month of the bankruptcy filing). *See Meinhold v. U.S. Dept. of Def.,* 123 F.3d 1275, 1278, *amended* 131 F.3d 842 (9th Cir. 1997)(the government's position is not

4

Case 2-16-02021-PRW, Doc 24, Filed 05/19/17, Entered 05/19/17 14:33:02, Description: Main Document , Page 4 of 8

substantially justified where the agency violates its own regulations that are clear and unambiguous).

Calculation of Reasonable Fee

18. The amount of a statutory fee award is determined by the lodestar method: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

19. Furthermore, the reasonableness of attorney's fees is routinely determined on papers. *See Woodard v. Shaw*, 2008 Bankr. Lexis 1266 (Bankr. N.D.N.Y. April 18, 2008); *Bank of New York v. Flag Telecom Group Ltd.*, 2007 Bankr. Lexis 2481 (Bankr. S.D.N.Y. July 16, 2007).

20. I am a staff attorney at Legal Assistance of Western New York, Inc. and provided all of the legal services to the debtor/plaintiff in the underlying bankruptcy case and in this adversary proceeding.

21. I was admitted to the practice of law in New York, the United States District Courts for the Southern, Eastern, Northern and Western Districts and the Bankruptcy Court for the Western District in 2004.

22. For the majority of the time I have been in practice I have concentrated in consumer bankruptcy and consumer law. I am a member of the National Association of Consumer Advocates.

23. My background includes several years working for a panel trustee in the Southern and Eastern Districts of New York assisting in the administration of cases, working for a large consumer bankruptcy firm, my own practice for 4 years and for the last three years I

have been at my current position at Legal Assistance of Western New York, Inc. where I dedicate all of my time to consumer and bankruptcy law.

24. I kept contemporaneous detailed time records throughout this litigation which are attached hereto as **Exhibit C.** 28 U.S.C. § 2412(d)(1)(B).

25. EAJA fees are based on "prevailing market rates for the kind and quality of the services furnished, except….attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or special factor applies. 28 U.S.C. § 24112(d)(2)(A).

26. The statutory rate of $125 for cases commenced after 1996 can be "adjusted" or "enhanced" for inflation based on cost of living adjustments. The second circuit calculates the "adjustment" for inflation by using the Consumer Price Index for All Urban Consumers. *Harris v. Sullivan*, 968 F.2d 263, 264-266 (2d Cir. 1992).

27. Based on this formula the maximum applicable EAJA statutory rate for 2016 is $192.68 per hour. The Ninth Circuit posts the applicable EAJA statutory maximum hourly rate adjusted for increases in the cost of living for each year since 2001. The rate charge is located at: http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

28. Plaintiff proposes fixing the appropriate hourly rate at $185 per hour. Plaintiff represents this is a fair and accurate representation of fees generally allowed in this district for services done by attorneys with similar experience. *See Mostiller v. Chase Asset Recovery Corp.*, 2010 WL 411090 (W.D.N.Y. Jan. 25, 2010)($215 for partner and $175 for associate in FDCPA case); *Barrows v. Tri-Financial*, 2009 WL 3672069 (W.D.N.Y. Oct. 30, 2009)($200 and $125 per hour appropriate for counsel based on their respective substantive experience in FDCPA case); *Anderson v. Rochester-Genesse Reg'l Transp.*

*Auth.*, 388 F.Supp.2d 159, 171 (W.D.N.Y. 2005)(hourly rates from $175 to $250 awarded under 42 U.S.C. §§ 1988 and 12205).

29. Plaintiff's attorney exercised billing judgment by reducing the amount of hours sought for work that was excessive, redundant, or unnecessary. *See, Anderson* at 163. *See,* Exhibit C, 30.4 billing judgment hour reduction.

30. The billing records reflect work performed on this case through April 5, 2017. I have reviewed my case management system and another 38.9 hours were spent on this matter between April 6, 2017 and the date of this application. Plaintiff does not seek compensation or any reimbursement for the hours spent during this period.

<u>Plaintiff's Attorney Fee Request based on Lodestar Calculation</u>

31. Plaintiff's counsel spent a total of 131.3 hours pursuing defendant's violation of the automatic stay. This does not include hours spend on the fee application or on revising the settlement stipulations (*See* ¶ 30 above). Plaintiff's counsel exercised billing judgment reducing the hours for which compensation is sought to 62.2. Of these 62.2 hours 2.5 were spent doing administrative tasks and are billed accordingly.

32. Plaintiff also seeks to be reimbursed for postage used for service of process on defendant in the amount of $15.25. A receipt for this is attached as **Exhibit D.**

    Attorney Matthew S. Mansfield, Esq.: 59.7 Hours x $185/hour = $11,044.50

    Administrative time Matthew S. Mansfield, Esq.: 2.5 Hours x $75/hour =$187.50

    Costs for postage for Service of Process: $15.25

    **Total amount of Fees based on Reasonable Time Expended: $11,247.25**

    **Total amount of Hours Voluntarily Reduced for billing Judgment: 69.3 Hours**

<u>The Parties reached a global settlement in this adversary proceeding including attorney fees</u>

33. However, Plaintiff is not seeking the amount based on the lodestar method because as part of the settlement of this adversary proceeding the parties agreed that Defendant would pay the stipulated amount of $5,000.00 for attorney's fees pursuant to the Equal Access to Justice Act directly to Plaintiff's counsel (ECF No. 23 ¶¶ 6-7).

34. Based on the proposed hourly rate of $185/hour this will compensate plaintiff's counsel for approximately 27 hours of work in this adversary proceeding. Plaintiff represents to the Court this to be a fair and reasonable settlement on the issue of attorney's fees.

**WHEREFORE,** plaintiff requests that the Court sign the Stipulation and Order (ECF No. 23) settling this adversary proceeding upon the terms and conditions contained in that stipulation and agreed upon by the parties including a $5,000.00 in attorney's fees payable by defendant to plaintiff's counsel.

Dated: May 19, 2017  **Legal Assistance of Western New York, Inc.**
Elmira, NY  **Attorneys for Debtor/Plaintiff**

    /s/ Matthew S. Mansfield_____
By: Matthew S. Mansfield, Esq.
    215 East Church Street, Suite 301
    Elmira, New York 14901
Tel: (607) 734-1647; Fax: (607) 734-1018
Email: mmansfield@lawny.org