UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
————————————————————X
In re:

ROBERT A. MITCHELL,

        Debtor.
————————————————————X

ROBERT A. MITCHELL,

        Plaintiff,
   v.

SOCIAL SECURITY ADMINISTRATION,

        Defendant.
————————————————————X

Chapter 7
Case No.: 16-20634 (PRW)

FILED
MAY 19 2017
BANKRUPTCY COURT
ROCHESTER, N.Y.

Adv. Pro. No.: 16-02021

## STIPULATION AND ORDER APPROVING SETTLEMENT OF ADVERSARY PROCEEDING AND MOTION FOR RELIEF FROM STAY

This Stipulation and Order (the "Stipulation and Order") is entered into as of May 19, 2017, by and among Robert. A. Mitchell ("Debtor" or "Plaintiff") and Social Security Administration ("SSA" or "Defendant" and, together with Debtor or Plaintiff, the "Parties").

WHEREAS, Debtor filed a chapter 7 bankruptcy petition ("Petition") in this Court on May 31, 2016, commencing Case No. 16-20634 (PRW);

WHEREAS, the Debtor listed a general unsecured debt owed to SSA on Schedule F to the Petition in the amount of $96,335.80 with a description of "Social Security Overpayment";

WHEREAS, the Debtor listed a secured debt owed to Chemung County Department of Social Services on Schedule D to the Petition in and unknown amount;

WHEREAS, the Debtor listed on Schedule B to his Petition potential back social security benefits in an unknown amount which he exempted on Schedule C;

1

WHEREAS, notice of Debtor's bankruptcy case was sent to all creditors listed in the Petition, including SSA;

WHEREAS, by notice dated June 3, 2016, SSA informed Debtor of his award of SSI benefits with back benefits due in the amount of $2,932.00 but that Defendant was "holding" the back benefits of $2,932.00 because Debtor agreed in writing that Chemung County DSS would be repaid money Debtor received in the form of public assistance. The notice notified Debtor that he would be sent any amounts remaining after payment to Chemung County DSS;

WHEREAS, by notice dated June 8, 2016, Chemung County DSS sent Plaintiff a notice that $2112.00 in Safety Net Assistance reimbursement had been received from Defendant on June 6, 2016;

WHEREAS, by notice dated June 14, 2016, Defendant sent Plaintiff a notice that he was entitled to SSD benefits from Defendant beginning January 2015 in the monthly amount of $1,307.20. The notice further stated "We used $20,910.40 of ROBERT MITCHELL's benefits to recover part of an overpayment on this record. The total amount of the overpayment is $75,425.40.";

WHEREAS, on August 29, 2016, the Debtor filed amended Schedules B, C, D and F to list the exact amounts of back social security benefits he had been awarded post-petition ($23,842.40) and exempting the same pursuant to the federal exemption for social security benefits [11 U.S.C. § 522(d)(10(A)] and with the remainder of his federal wildcard exemption [11 U.S.C. § 522(d)(5)]. The Debtor also moved the debt owed to Chemung County DSS from Schedule D to Schedule F as it was properly classified as a general unsecured debt;

WHEREAS, on September 26, 2016, Plaintiff filed this adversary proceeding against SSA ("Adversary Proceeding") seeking to recover $23,842.40 in post-petition setoffs by SSA, seeking to hold SSA in contempt of Court for violation of the automatic stay, and for

compensatory and economic damages as well as attorney fees pursuant to 11 U.S.C. §§522(h), 549, 553, 362(a)(1), 362(A)(6), 362(a)(7) and 362(k), and other relief as is just and proper;

WHEREAS, the Debtor was granted a discharge by Order dated September 28, 2016;

WHEREAS, on or about November 9, 2016, SSA filed a motion for relief from the automatic stay to exercise the right to setoff (ECF #25) seeking to lift the automatic stay to permit SSA to setoff social security benefits awarded to the Debtor in the amount of $20,910.40 against the overpayment that was discharged;

WHEREAS, on or about December 1, 2016, SSA filed an Answer with Affirmative Defenses to this adversary proceeding (ECF #9);

WHEREAS, the Parties now desire to resolve, compromise, and settle the Adversary Proceeding and the Motion for Relief from the Automatic Stay without further litigation, subject to the Court's approval.

**NOW, THEREFORE, it is hereby STIPULATED, AGREEED,** by and between the Parties, through their respective undersigned counsel as follows:

1. This Stipulation and Order is subject to approval of the Bankruptcy Court and shall be of no force or effect until such Order is entered by the Court.
2. SSA shall pay to Plaintiff the sum of seven thousand eight hundred forty-one dollars and eighty cents ($7,841.80) in damages recovery and five thousand dollars ($5,000.00) as an award of Attorney's fees, in full settlement and satisfaction of any and all claims, demands, rights, and causes of action, of whatsoever kind and nature, arising from or related to the matters alleged in the Adversary Proceeding for which Plaintiff or his heirs, executors, administrators, or assigns now has or may hereafter acquire against the United States, and its agency, the SSA.
3. Plaintiff and his heirs, executors, administrators, or assigns hereby agree to accept the sum of seven thousand eight hundred forty-one dollars and eighty cents ($7,841.40) in

3

damages recovery and five thousand dollars ($5,000.00) as an award of Attorney's fees in full settlement, release, satisfaction, or all claims, demands, rights and causes of action in the Adversary Proceeding, which he may have or hereafter acquire against the SSA, the United States, its agents, servants and employees.

4. The settlement amount of seven thousand eight hundred forty-one dollars and eighty cents ($7,841.40) in damages recovery and five thousand dollars ($5,000.00) as award of Attorney's fees represents the entire amount of the compromise settlement.
5. Payment of the settlement amount, seven thousand eight hundred forty-one dollars and eighty cents ($7,841.40), shall be paid by SSA to Plaintiff, Robert A. Mitchell within thirty (30) days of entry of this Stipulation and Order or as soon as is possible by SSA.
6. Plaintiff has completed an assignment of the Attorney's fees to Legal Assistance of Western New York, Inc. and SSA shall pay five thousand dollars ($5,000.00) directly to Legal Assistance of Western New York, Inc. and this represents compensation for all legal services rendered on behalf of Plaintiff in this Adversary Proceeding.
7. Attorney fees will be paid pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.
8. Plaintiff agrees and represents that he has thoroughly considered all aspects of this Stipulation and Order and has discussed it with his attorney. Plaintiff further agrees and represents that he knowingly and voluntarily enters into this Stipulation and Order.
9. SSA withdraws its motion for relief from the automatic stay to effect setoff as the issues are all resolved in this Stipulation and Order.
10. The Parties agree that this Court shall retain exclusive jurisdiction for any and all disputes or claims arising out of this Stipulation and Order, or the breach thereof.
11. The Parties request that the Court approve this Stipulation and Order and direct the clerk to enter judgment dismissing the Adversary Proceeding with prejudice. The Court shall retain jurisdiction regarding any disputes arising out of the performance of this Stipulation and Order.

(THE REMAINING SPACE ON THIS PAGE WAS INTENTIONALLY LEFT BLANK)

|                          | JAMES P. KENNEDY, JR.<br>Acting United States Attorney |
|---|---|
| Dated: 5/19/17 | BY: _____/s/_____<br>KATHRYN L. SMITTH<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>100 State Street, Suite 500<br>Rochester, New York 14614<br>*Attorneys for Defendant* |

LEGAL ASSISTANCE OF WESTERN NEW YORK, INC.

Dated: 5/19/17          BY: _____/s/_____
                        MATTHEW S. MANSFIELD
                        Staff Attorney
                        215 E Church St, Suite 301
                        Elmira, New York 14901
                        *Attorneys for Plaintiff*

Dated: 5-19-17          _____/s/_____
                        ROBERT A. MITCHELL
                        *Debtor/Plaintiff*

**IT IS SO ORDERED.**
**Clerk to Enter Judgment Accordingly (✱)**

Dated: May 19, 2017     _____/s/_____
                        PAUL R. WARREN
                        UNITED STATES BANKRUPTCY JUDGE

(✱) The Clerk of Court is directed to make an entry on the Docket that the Adversary Proceeding is Dismissed with prejudice (per Para. 11 above) and the case is to be closed immediately after Entry of this Stipulated Order.

5